## FIRST NAT. BANK OF LAFAYETTE v. LOUISIANA TAX COMMISSION et al.
### No. 1287.

Court of Appeal of Louisiana, First Circuit.
March 6, 1934.

Bennett J. Voorhies, of Lafayette, for appellant.

Daniel Debaillon, of Lafayette, for appellee.

LE BLANC, Judge.

By the very allegations of the plaintiff's petition, the amount of taxes involved in this litigation, the payment of which the plaintiff bank was trying to evade, was far more than the amount with which this court is vested with jurisdiction under the Constitution of 1921. It appears from the record and brief of counsel that, because of a decision by the Supreme Court in another case involving the same issue (First National Bank v. Louisiana Tax Commission, 175 La. 119, 143 So. 23), which was unfavorable to its contentions, the plaintiff bank paid the full amount of taxes, and, apparently, the only issue remaining is whether or not it has to pay a penalty as attorney's fees claimed by one of the defendant taxing bodies, under Act No. 140 of 1916, and that the amount of attorney's fees, if due, is less than $2,000. But the demand for these attorney's fees is not in the nature of a reconventional demand. It grows out of, and is entirely dependent on, the nature of the main demand. In other words, had the plaintiff been successful in resisting the payment of these taxes, there is no question that it would not owe the attorney's fees demanded. The plaintiff was not successful, and still the demand for attorney's fees is being contested and will depend on what the exact character of the plaintiff's demand is. Is it a suit involving the right of the taxing authorities to impose a tax which plaintiff contended it did not have to pay, or is it a suit which had for its purpose the reduction or cancellation of an assessment?

The complaint of the plaintiff, as viewed from its petition, is to the effect that it has been assessed with taxes which, in article 7, it avers, "are not taxable by or under authority of the State of Louisiana." In article 8 it is further alleged that the acts of the Legislature which purport to authorize the taxation complained of "are invalid and inoperative as to petitioner and its shareholders," and that the assessment is illegal and unauthorized for reasons which are then stated at length. In brief of counsel, the suit is referred to as one "attacking the fundamental right of the State of Louisiana, and its subdivisions to tax the shares of its capital stock," and that is what we believe is its real purpose. It is then a suit contesting the legality of a tax. The demand for attorney's fees is in the nature of a penalty prescribed by the state and here sought to be imposed by one of its taxing bodies. That being so, we believe that appellate jurisdiction is vested in the Supreme Court and not in this court, for section 10, art. 7, of the Constitution of 1921, specifically provides that: "It (the Supreme Court) shall have appellate jurisdiction in all cases wherein the constitutionality or legality of any tax, * * * levied by the State, or by any parish, municipality, board, or subdivision of the State is contested, or where the legality, or constitutionality of any fine, forfeiture, or penalty imposed by a parish, municipal corporation, board, or subdivision

of the State shall be in contest, whatever may be the amount thereof. * * * "

Availing ourselves of the provisions of Act No. 19 of 1912, therefore, we will transfer the case to the Supreme Court, and to that end, it is therefore now ordered that the appeal herein be, and the same is hereby, transferred to the Supreme Court of the state, the same being made returnable on or before the 10th day of April, 1934.